(No. 4580

BOSLEY WRECKING COMPANY, AN ILLINOIS CORPORATION, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed May 23, 1959.*

CHERRY AND MORSE, Attorneys for Claimant.

LATHAM CASTLE, Attorney General; MARION G. TIERNAN, Assistant Attorney General, for Respondent.

WHAM, J.

This is a suit on a contract entered into between claimant, Bosley Wrecking Company, An Illinois Corporation, and the State of Illinois, wherein claimant agreed to wreck and remove 66 buildings lying in the path of a proposed State highway for the stated consideration of $9,442.00.

Claimant contends that it was greatly delayed in fulfilling the terms of its contract by reason of the buildings not being made available to it within the time set forth in the contract, and that by reason thereof it sustained damages in increased labor costs and additional expenses required because of the delay. Claimant's Count I of the amended complaint prays damages in the amount of $5,119.30, plus 10% of the contract withheld from it by the State of Illinois.

It is respondent's position that the State of Illinois is not responsible for the delay and resulting increased costs and expenses.

The contract further provided that "all of the build ings for this contract are to be vacated on or before November 1, 1950". The contract required claimant to complete the wrecking and removal of the buildings not later than March 24, 1951, which was 70 days from the date of the execution of the contract.

The evidence established that claimant commenced work within 10 days after the execution of the contract, but work had to be suspended in view of the fact that only 35 of the 66 buildings to be removed had been vacated within the time specified in the contract. Twenty-nine of the buildings were not made available until after June 1. These buildings were available for wrecking at various times between June 1, 1951 and June 1, 1952. Two of the buildings were not available for wrecking by claimant until after June 1, 1952.

This delay was in no way caused by claimant. It was the delay in making these buildings available to claimant, which caused the increase in labor cost and other expenses incurred by claimant in completing the contract.

Respondent contends that, from the time the contract was signed, it was apparent that the buildings were not vacated, and, therefore, the provisions of the contract stating that they would be vacated by November 1, 1950 was waived by claimant, who had knowledge that they were not vacated. Respondent relies upon Art. IV of the proposal in support of this contention. It reads as follows:

"The undersigned further declares that he has carefully examined the proposal, plans, specifications, form of the contract and contract bond and special provisions, if any, and that he has inspected in detail the site of the proposed work, and that he has familiarized himself with all the local conditions affecting the contract, and the detailed requirements of construction, and understands that in making this proposal he waives all right to plead any misunderstanding regarding the same."

This contention is not well taken in view of the fact that, although it might have been apparent to claimant at the time of signing the contract that people were still living in the buildings, it had a right to presume that the ground work had been laid for moving the people within the period of time required by the contract for the wrecking of the buildings.

Respondent next contends that it had a separate contract with the City of Chicago, and places the responsibility for vacating the 66 buildings on the City of Chicago acting as an independent contractor. This contract was admitted into evidence by the Commissioner with the understanding that it be connected up with claimant. There is no evidence in the record that claimant had any knowledge of the existence of this contract, and, therefore, could not be bound to take notice that someone other than the State of Illinois was responsible for procuring the vacation of the buildings.

We believe that this case comes within the rule announced in *Stramberg Brothers Co.* vs. *State of Illinois*, 8 C.C.R. 87 (1937), where it is stated:

"The State is liable for the actual damage sustained by a contractor arising from unreasonable delays caused solely by the State and not through the fault of the contractor, nor attributable to his failure in protecting himself from the effects of delays, which might reasonably have been foreseen."

We believe that claimant was unreasonably delayed by respondent's failure to make available the buildings for demolition; and that claimant was without fault in the matter, and complied with its part of the contract.

With respect to the question of damages resulting from respondent's breach of contract, claimant contends that it is entitled to the following:

For increased labor costs, the sum of $2,741.80.
For additional costs to remove fly dump material, the sum of $847.00.
For increased insurance costs, the sum of $559.30.

For monies withheld, being 10% of contract, or the sum of $944.00, making a total of $5,119.10.

The evidence offered by claimant established that the foregoing damages were the result of the unreasonable delay in vacating the 29 buildings wrecked by claimant subsequent to June 1, 1951. The evidence established that it expended 13,276 man hours for the period of June 1, 1951 to June 1, 1952 at an increased labor cost of 15¢ per man hour, due to the fact that claimant was required to enter into a subsequent labor contract at an increased rate over that in effect at the time of the bidding on the demolition project. The evidence further established that claimant expended an additional 248 man hours subsequent to June 1, 1952 at a total increased labor cost of 35¢ per man hour, making a total increase in necessary labor cost of $2,741.80. Because of the unnecessary delay in making the buildings available for wrecking, waste material accumulated from persons dumping debris into the buildings, which claimant was required to remove under the terms and conditions of the executed contract. The evidence established that the cost of labor in removing this material was greatly increased, because of the unreasonable delay, over what it would have been had the buildings been made available on schedule under the terms of the contract. The evidence established that the increased cost of removing this material was $874.00.

The Workmen's Compensation, Public Liability and Property Damage Insurance premiums, which were based upon the total wages paid to the employees at the rate of 17% of the payroll, were likewise increased by reason of the delay and resulting higher labor costs. The evidence established that this extra cost to claimant was $559.30.

There is no dispute that claimant is entitled to $944.00, being an amount of 10% of the total contract withheld by respondent.

We believe that claimant is entitled to an award in the amount of $5,119.10. It is, therefore, ordered that claimant's claim in that amount, be allowed.